**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARK BREAUX** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-2331** |
| **BOLLINGER SHIPYARDS, LLC, et al.** | **SECTION: "G" (1)** |

## ORDER

In this litigation, Plaintiff Mark Breaux ("Plaintiff") alleges that Defendants violated his rights under the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA") and his privacy rights accorded to him by the Louisiana Constitution.[1] Pending before the Court is Defendants Bollinger Shipyards, LLC ("Bollinger"), Family Medical Services, LLC ("Family Medical"), and Dr. Darren Duet's ("Dr. Duet") (collectively "Defendants") "Rule 12(b)(6) Partial Motion to Dismiss."[2] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will deny the motion as moot in part, grant the motion in part, and deny the motion without prejudice in part and grant Plaintiff leave to amend his complaint to address the deficiencies identified by the Court by April 19, 2017.

## I. Background

### A.    *Factual Background*

Plaintiff alleges that he was employed by Bollinger as a tack welder from 2011 until he was promoted to welder in 2012.[3] He alleges that in 2004 he had a medical condition which

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 9.

[3] Rec. Doc. 1 at 3.

1

involved damage to the ulnar nerve and ligaments on his left arm.[4] Plaintiff states that he was prescribed opioid pain killers, but that he had difficulty withdrawing from his prescribed painkillers and was prescribed Suboxone to aid him in withdrawing from using the painkillers.[5] According to Plaintiff, he was able to perform all of the functions of his job as a welder while taking Suboxone.[6] Plaintiff asserts that thereafter he was promoted to leaderman, where he sometimes supervised as many as 15 people on the job.[7]

Plaintiff alleges that on December 9, 2015, he injured his left hand when he slipped outside of his home.[8] According to Plaintiff, he returned to work the next day, but when his hand began to swell he reported the accident to his supervisor and was told to see a doctor if his hand continued to swell.[9] Plaintiff alleges that following a doctor's appointment on December 10, 2015, he was placed on short-term disability but was not informed of the availability of FMLA leave.[10] Plaintiff asserts that he was released to return to work, full duty with no restrictions, by his treating physician, Dr. Hildebrand, on February 3, 2016.[11]

---

[4] *Id.* at 4.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5.

[10] *Id.*

[11] *Id.*

Plaintiff alleges that Bollinger would not allow him to return to work without reporting to Family Medical for clearance to return.[12] According to Plaintiff, Family Medical collected medical and pharmaceutical information on him that it was not authorized to have, and which was not related to his hand injury.[13] Plaintiff alleges that one of Dr. Duet's employees examined his hand and observed that it was healed and fully functional.[14] Plaintiff argues that Dr. Duet and Family Medical refused to allow him to return to work because he was taking Suboxone, despite the fact that it was unrelated to his hand injury.[15] Moreover, Plaintiff asserts that Dr. Duet made negative remarks against Plaintiff's physician for permitting Plaintiff to use the medication.[16]

Plaintiff alleges that "Defendants' cooperative practice of failing and refusing to return employees who have been certified medically able to return to full duty by their treating physician is part of an overall pattern of conduct which has the common goal of eliminating or 'culling' injured employees."[17] Plaintiff asserts that this "culling" inured to the direct and indirect financial benefit of Dr. Duet and Bollinger.[18]

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 6.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

**B.      Procedural Background**

Plaintiff filed a complaint against Defendants on March 17, 2016.[19] On May 26, 2016, Defendants filed the instant motion.[20] On June 14, 2016, Plaintiff filed an opposition.[21] With leave of Court, Defendants filed a reply on June 23, 2016.[22]

## II. Parties' Arguments

**A.      Defendants' Arguments in Support of Dismissal**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the following claims: (1) the claims against Family Medical and Dr. Duet under the ADA and the FMLA; (2) the request for punitive damages under the FMLA against all Defendants; (3) the request for punitive damages under state law against Family Medical and Dr. Duet; and (4) the pattern or practice allegations against all Defendants.[23]

First, Defendants contend that Plaintiff's ADA and FMLA claims against Family Medical must be dismissed because Family Medical was not Plaintiff's "employer."[24] Under the ADA, Defendants argue that an employment relationship must exist within the meaning of Title VII, with the most important factor being the right to control the employee's conduct.[25] Defendants assert that Plaintiff has not alleged that Family Medical had the right to control his activities and so

---

[19] Rec. Doc. 1.

[20] Rec. Doc. 9.

[21] Rec. Doc. 10.

[22] Rec. Doc. 16.

[23] Rec. Doc. 9-1 at 1.

[24] *Id.* at 3.

[25] *Id.*

Family Medical is not his employer under the ADA.[26] Defendants contend that under the FMLA only a single corporation should be deemed the "employer," and Plaintiff's complaint repeatedly refers to Bollinger as his employer.[27]

Second, Defendants assert that Plaintiff's ADA and FMLA claims against Dr. Duet must be dismissed because he is not Plaintiff's employer.[28] Defendants argue that individuals cannot be held liable under the ADA.[29] Moreover, Defendants aver that Dr. Duet cannot be held liable under the FMLA because Plaintiff does not allege that Dr. Duet had any knowledge of, information about, or control over, Plaintiff's FMLA leave status or the FMLA leave determination made by Plaintiff's employer, Bollinger.[30]

Third, Defendants move to dismiss Plaintiff's request for punitive damages as, they assert, punitive damages are not recoverable in a private right of action under the FMLA or state privacy law.[31] Defendants contend that Louisiana has a general public policy against an award of punitive damages unless they were specifically provided for by statute and Plaintiff's request for punitive damages for his state law cause of action is without legal support.[32]

Fourth, Defendants contend that Plaintiff cannot assert a separate claim for pattern or

---

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.* at 5.

[29] *Id.*

[30] *Id.* at 7.

[31] *Id.* (citing 29 U.S.C. § 2617(a); *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004)).

[32] *Id.*

practice.[33] Defendants assert that a pattern or practice claim is not a separate and free-standing cause of action, but is another method by which disparate treatment can be shown.[34] Moreover, Defendants argue that a pattern or practice method of proof is not available in suits which are private, non-class action lawsuits.[35]

### B.    *Plaintiff's Arguments in Opposition to Dismissal*

In opposition, Plaintiff contends that he has made valid FMLA claims and pattern and practice allegations against all Defendants.[36] Plaintiff asserts that he has made valid ADA claims against Bollinger, but that he is not asserting ADA claims against Family Medical or Dr. Duet.[37]

Plaintiff contends that the FMLA has a broad definition of employer that covers all the identified Defendants as it includes "any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer."[38] Plaintiff contends that individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of the FMLA.[39] Plaintiff asserts that Defendants do not dispute that Bollinger is a properly named defendant as Bollinger employed Plaintiff.[40] Plaintiff contends that Family Medical and Dr. Duet acted directly or indirectly in the interest of Bollinger and under the

---

[33] *Id.*

[34] *Id.* (citing *Admire v. Strain*, 566 F. Supp. 2d 492, 504 (E.D. La. 2008); *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001)).

[35] *Id.* at 8 (citing *Admire*, 566 F. Supp. 2d at 504; *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003)).

[36] Rec. Doc. 10 at 1.

[37] *Id.* at 1–3

[38] *Id.* at 4 (citing 29 C.F.R. 825.104(a)).

[39] *Id.* (citing 29 C.F.R. 825.104(d)).

[40] *Id.* at 5.

theory that they operated as a single employer.[41]

Specifically, Plaintiff argues that Family Medical acted as an employer under the FMLA because it acted in the interest of Bollinger by researching and improperly obtaining medical records unrelated to Plaintiff's hand injury and fabricating a reason to prevent Plaintiff from returning to work.[42] Plaintiff also contends that Bollinger and Family Medical operated as a single employer.[43] According to Plaintiff, such a determination is to be evaluated by the relationship viewed in its totality, including: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control.[44] Plaintiff argues that Bollinger and Family Medical all function as a single entity, owned, managed, and controlled by the same individuals.[45] As for Dr. Duet, Plaintiff asserts that Dr. Duet acted, directly or indirectly, in the interest of Bollinger, and consequently is an employer under the FMLA.[46]

Next, Plaintiff contends that although Defendants assert that punitive damages are not recoverable under the FMLA, pursuant to 29 U.S.C. § 2617, Plaintiff can recover liquidated damages.[47]

Finally, Plaintiff asserts that he is not bringing a separate claim for pattern or practice, but

---

[41] *Id.*

[42] *Id.* at 5–6.

[43] *Id.* at 6.

[44] *Id.* (citing 29 C.F.R. 825.104(c)(2)).

[45] *Id.* at 6–7.

[46] *Id.* at 7–8.

[47] *Id.* at 8–9.

rather that his pattern or practice allegations are "part of the larger story which will illustrate Defendants' attempts to intentionally circumvent Plaintiff's federally protected rights."[48] Plaintiff contends that Family Medical and its employees, including Dr. Duet, operated under the direction of and in the best interest of Bollinger, and Bollinger "appears to have determined that it is going to send a message to its employees that taking FMLA leave and requiring ADA modifications will be met with termination."[49] Therefore, Plaintiff asserts that his pattern or practice allegations are critical to the story and relevant to the damages that are available to Plaintiff.[50]

Finally, Plaintiff notes that Defendants do not seem to challenge his state law claims.[51] Plaintiff asserts that he is seeking to recover all available remedies for his breach of privacy.[52] If the Court concludes that any deficiencies to the complaint exist, Plaintiff asserts that he should be granted leave to amend his complaint.[53]

## C.   Defendants' Arguments in Further Support of Dismissal

Defendants contend that Plaintiff's ADA claims should be dismissed against Family Medical and Dr. Duet.[54] They note that Plaintiff stipulates he is only bringing ADA claims against Bollinger.[55] Defendants also assert that Plaintiff's FMLA claims are not viable against Family

---

[48] *Id.* at 9.

[49] *Id.*

[50] *Id.* at 9–10.

[51] *Id.* at 10.

[52] *Id.*

[53] *Id*. at 13.

[54] Rec. Doc. 16 at 1.

[55] *Id.*

Medical or Dr. Duet.[56] Defendants argue that Plaintiff has not alleged that Dr. Duet or Family Medical were corporate officers of Bollinger, or that they had any input or control into the decisions made by Bollinger with respect to Plaintiff's leave and alleged termination.[57] Further, Defendants note that Plaintiff cited no law in support of his assertion that an unrelated third party, who is not a corporate officer of Bollinger nor even employed by Bollinger, can be liable as an individual under the FMLA.[58]

Defendants assert that Plaintiff's position on his request for punitive damages under the FMLA and state law are unclear; however, they contend that punitive damages are not recoverable under either statute.[59]

Finally, Defendant notes that Plaintiff cites no law to rebut Defendants' arguments that pattern or practice allegations cannot serve as a separate claim, and further the pattern or practice method of proof is not available in suits which are private, non-class action lawsuits.[60] Therefore, Defendant asserts that Plaintiff's pattern or practice allegations should be dismissed.[61]

---

[56] *Id.* at 2.

[57] *Id.*

[58] *Id.* at 2–3.

[59] *Id.* at 3 (citing *Mays v. Bd. of Comm'rs Port of New Orleans*, No. 14-1014, 2015 WL 1245683, at *11 (Mar. 18, 2015) (Brown, J.)).

[60] *Id.* at 4.

[61] *Id.*

### III. Law and Analysis

**A.**      ***Legal Standard on a Motion to Dismiss***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[62]  A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[63]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[64]  "Factual allegations must be enough to raise a right to relief above the speculative level."[65]  A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[66]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[67]  However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[68]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[69]  Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[62]  Fed. R. Civ. P. 12(b)(6).

[63]  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[64]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[65]  *Twombly*, 550 U.S. at 556.

[66]  *Id.* at 570.

[67]  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[68]  *Iqbal*, 556 U.S. at 677–78.

[69]  *Id.* at 679.

statements" will not suffice.[70] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[71] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[72] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[73] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[74]

### B.   *Analysis*

In Plaintiff's opposition to the motion to dismiss, Plaintiff asserts that he is not pursuing any claims pursuant to the ADA against any entity other than Bollinger.[75] Therefore, the Court denies as moot Defendants' motion to dismiss the ADA claims against Defendants Family Medical and Dr. Duet. Defendants also move to dismiss: (1) Plaintiff's FMLA claims against Family Medical and Dr. Duet; (2) Plaintiff's request for punitive damages under the FMLA and state law; and (3) the pattern or practice claims against all Defendants.[76] The Court will address each of these

---

[70] *Id.* at 678.

[71] *Id.*

[72] *Id.*

[73] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[74] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[75] Rec. Doc. 10 at 1.

[76] Rec. Doc. 9.

issues in turn.

### 1.     FMLA Claims Against Family Medical and Dr. Duet

Defendants move to dismiss the FMLA claims against Family Medical and Dr. Duet on the grounds that they were not Plaintiff's "employer" pursuant to the FMLA.[77] Defendants argue that Plaintiff only alleges that Bollinger was his employer and that he makes no allegations that Family Medical or Dr. Duet were his employers.[78] Plaintiff contends that Family Medical and Dr. Duet are employers because they acted directly or indirectly in the interest of Bollinger.[79] Plaintiff also argues that Family Medical is his employer under the theory that Bollinger and Family Medical operated as a single-employer.[80]

Under the FMLA, a covered employer must "allow an eligible employee up to twelve weeks of unpaid leave if the employee suffers from 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'"[81] When an eligible employee returns from FMLA leave, the employer must restore the employee to the same position he or she previously held or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."[82] To protect an employee's right to take leave,

---

[77] Rec. Doc. 9-1 at 3–6.

[78] *Id.* at 4, 6.

[79] Rec. Doc. 10 at 5–6, 7–8.

[80] *Id.* at 6–7.

[81] *Caldwell v. KHOU-TV*, No. 16-20408, 2017 WL 892439, at *5 (5th Cir. Mar. 6, 2017) (quoting *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001) (quoting 29 U.S.C. § 2612(a)(1)(D)), *abrogated on other grounds by Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016)).

[82] *Hunt*, 277 F.3d at 763 (citing 29 U.S.C. § 2614(a)(1)); *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999).

the FMLA prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" provided by the Act.[83]

Pursuant to the Code of Federal Regulations regarding the Family and Medical Leave Act, an employer is defined as follows:

> [A]ny person engaged in commerce or in any industry or activity affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Employers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer, any successor in interest of a covered employer, and any public agency.[84]

The Fifth Circuit has frequently noted that the definition of "employer" under the FMLA is "very similar" to the definition of "employer" under the Fair Labor Standards Act ("FLSA").[85] Thus, the Fifth Circuit has determined that "[t]he fact that Congress, in drafting the FMLA, chose to make the definition of 'employer' materially identical to that in the FLSA means that decisions interpreting the FLSA offer the best guidance for construing the term 'employer' as it is used in the FMLA."[86] Accordingly, pursuant to the Fifth Circuit's instructions, this Court will look to FLSA's definition of "employer" as guidance to determine whether Family Medical, Dr. Duet, and Broussard are "employers" under the FMLA.

Similarly to the FMLA, the FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[87] The Fifth Circuit has held

---

[83] *Caldwell V*, 2017 WL 892439, at *5 (citing 29 U.S.C. § 2615(a)(1)).

[84] 29 C.F.R. § 825.104(a).

[85] *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (citing 29 U.S.C. § 203(d)).

[86] *Modica*, 465 F.3d at 186 (quoting *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999)).

[87] *Id.*; *see* 29 U.S.C. § 203(d).

that FLSA's definition of employer is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees."[88]  Moreover, to determine if an individual is an employer under the FLSA, the Fifth Circuit has stated that courts should consider "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[89]

In Plaintiff's complaint, Plaintiff alleges that Bollinger employed him and that Family Medical "provides company doctor services to [Bollinger], including but not limited to, evaluating employees who are on FMLA leave."[90]  Plaintiff also alleges that Dr. Duet, as the medical director at Family Medical, worked to advance the corporate interest of Bollinger.[91]  Plaintiff asserts that based on other medical issues unrelated to his hand injury, Family Medical refused to allow him to return to work.[92]  Plaintiff alleges based on information and belief that Dr. Duet and Family Medical refused to allow him to return to work because he was taking Suboxone.[93]  Moreover, Plaintiff asserts that Dr. Duet made remarks against Plaintiff's treating physician, Dr. Walter

---

[88] *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 196 (5th Cir. 1983)); *see also Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984).

[89] *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (internal citations omitted).

[90] Rec. Doc. 1 at 2.

[91] *Id.* at 6.

[92] *Id.*

[93] *Id.*

Birdsall, Jr., concerning the physician's permitting Plaintiff to use the medication.[94]

The Court finds Plaintiff's arguments that Family Medical and Dr. Duet are his "employers" unpersuasive. As stated *supra*, the Fifth Circuit, in interpreting FLSA's substantially similar definition of "employer," has determined that a person can be an "employer" when he or she "effectively dominates [the employer corporation's] administration" or "has the power to act[] on behalf of the corporation vis-à-vis its employees."[95]  Here, Plaintiff has failed to plausibly allege that Family Medical or Dr. Duet "effectively dominates" Bollinger's administration or otherwise has "the power to act" on behalf of Bollinger to its employees.[96]

Additionally, as stated *supra*, the Fifth Circuit has instructed that courts should consider whether the allege employers have "the power to hire and fire the employees," supervise or control the employee's "work schedules or conditions of employment," determine the "rate and method of payment," and maintain employment records.[97]  Likewise, the Supreme Court has interpreted FLSA's "employer" definition to include persons with "managerial responsibilities" and "substantial control of the terms and conditions of the [employer's] work."[98]  However, Plaintiff's complaint fails to allege that any of these factors are met, as Plaintiff's only allegation is that Family Medical and/or Dr. Duet refused to credit Breaux's treating physicians' medical opinion and "instead substitute[ed] his own medically inferior and economically-motivated opinion" that

---

[94] *Id.*

[95] *Reich*, 998 F.2d at 329.

[96] *Id.*

[97] *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (internal citations omitted).

[98] *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–72 (5th Cir. 1984).

Breaux could not return to work.[99] However, it is unclear if Plaintiff even alleges that Family Medical or Dr. Duet, rather than Bollinger, had the authority to make the ultimate decision to deny Plaintiff's rights under the FMLA. Moreover, Plaintiff has not alleged that Family Medical or Dr. Duet had sufficient managerial responsibilities or control over Plaintiff's employment at Bollinger, rate of pay, or employment records such that they could be considered "employers" under the FMLA.

Plaintiff also asserts that Family Medical is liable pursuant to the FMLA under the "integrated employer" test.[100] According to the Code of Federal Regulations regarding the FMLA, "[n]ormally the legal entity which employs the employee is the employer under FMLA."[101] However, separate entities may be considered parts of a single employer pursuant to the FMLA if they meet the "integrated employer" test.[102] "A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality."[103] The regulation states that factors to be considered in conducting this analysis are: "(i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations; and (iv) Degree of common ownership/financial control."[104]

Plaintiff asserts that he alleged that "Bollinger and [Family Medical] function as a single

---

[99] Rec. Doc. 1 at 6, 8.

[100] Rec. Doc. 10 at 6–7 (citing 29 C.F.R. § 825.104(c)(2)).

[101] 29 C.F.R. § 825.104(c).

[102] 29 C.F.R. § 825.104(c)(2).

[103] *Id.*

[104] *Id.*

entity, and they are owned, managed and controlled by many of the same individuals."[105]  Plaintiff also alleged that Family Medical "is a closely held company owned and managed by Dino Chouest, Damon Chouest, and Dionne Chouest Austin," who Plaintiff asserts also control Bollinger.[106]  The Court further notes that Plaintiff alleged in his complaint that Family Medical was located within the gates of the "Chouest North American shipyard."[107]

However, beyond the broad conclusion that these entities were controlled by the same individuals, Plaintiff makes no other allegation regarding the degree of common ownership/financial control or the centralized control of labor relations. Plaintiff also alleges that Family Medical provides "company doctor services" to Bollinger, including evaluating employees who are on FMLA leave, but offers little else in support of the interrelation between the companies.[108]  Without further information, the Court cannot determine whether Bollinger and Family Medical constitute an integrated employer for FMLA purposes. Therefore, the Court concludes that Plaintiff has failed to allege sufficient facts to state a FMLA claim against Family Medical, Broussard, or Dr. Duet.

## 2.    Punitive Damages

Defendants also move to dismiss Plaintiff's request for punitive damages under the FMLA and state law on the grounds that these claims do not provide for punitive damages.[109]  Defendants

---

[105] Rec. Doc. 10 at 6.

[106] *Id.*

[107] Rec. Doc. 1 at 6.

[108] Rec. Doc. 1 at 2.

[109] Rec. Doc. 9-1 at 7.

do not appear to challenge Plaintiff's request for punitive damages under the ADA. In opposition, Plaintiff asserts that he seeks: (1) "all appropriate relief identified in 29 U.S.C. § 2617, including liquidated damages" pursuant to his FMLA claim; and (2) "all available remedies for his breach of privacy" state law claim, including: "damage and injury to his reputation; personal humiliation; embarrassment; mental anguish; anxiety and hurt feelings; and past and future economic losses."[110]

Pursuant to 29 U.S.C. § 2617, an employer who violates the FMLA is liable to any eligible employee affected for damages including; (1) "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation" or actual monetary losses; (2) interest on any such amount; and (3) liquidated damages equal to the sum of the compensation denied or lost or actual monetary losses.[111] Thus, the FMLA does not provide for punitive damages.[112] Moreover, in his complaint, Plaintiff brings a Louisiana state law claim for invasion of privacy pursuant to Article I, Section 5 of the Louisiana Constitution, which Plaintiff argues is actionable under Louisiana's general negligence statues, Louisiana Civil Code article 2315.[113] However, Louisiana has a general public policy against the award of punitive damages unless specifically provided for by statute,[114] and Plaintiff has not pointed to any relevant statute that provide for a punitive damages award. Thus, because Louisiana Civil Code article 2315 does

---

[110] Rec. Doc. 10 at 3, 9–10.

[111] 29 U.S.C. § 2617(a)(1)(A).

[112] *See, e.g.*, *Sanders v. Cajun Iron Workers, Inc.*, No. 15-5423, 2016 WL 4063868, at *8 (E.D. La. July 29, 2016) (Brown, J.) (finding that FLMA does not provide for punitive damages); *Sturza v. Loadmaster Eng'g, Inc.*, No. 07-2500, 2008 WL 1967102, at *3 (S.D. Tex. May 1, 2008) (same); *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004) (same).

[113] Rec. Doc. 1 at 9.

[114] *Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002) (citing *Ricard v. State*, 390 So.2d 882 (La. 1980); *Killebrew v. Abbott Labs.*, 359 So.2d 1275 (La.1978)).

not permit recovery of punitive damages, Plaintiff's request for punitive damages, if Plaintiff is in fact pursuing such damages, under its Louisiana state law claim must also fail. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' request for punitive damages pursuant to the FMLA and Louisiana state law, if Plaintiff is in fact pursuing such damages.

### 3.    Pattern or Practice

Defendants contend that Plaintiff cannot assert a separate claim for pattern or practice.[115] Defendants assert that a pattern or practice claim is not a separate and free-standing cause of action, but is another method by which disparate treatment can be shown.[116] Moreover, Defendants argue that a pattern or practice method of proof is not available in suits which are private, non-class action lawsuits.[117] In opposition, Plaintiff asserts that he is not bringing a separate claim for pattern or practice, but rather that his pattern or practice allegations are "part of the larger story which will illustrate Defendants' attempts to intentionally circumvent Plaintiff's federally protected rights."[118] Plaintiff contends that Family Medical and its employees, including Dr. Duet, operated under the direction of and in the best interest of Bollinger, and Bollinger "appears to have determined that it is going to send a message to its employees that taking FMLA leave and requiring ADA modifications will be met with termination."[119]

The Fifth Circuit has held that a pattern or practice claim "is not a separate cause of action,

---

[115] Rec. Doc. 9-1 at 7–8.

[116] *Id.* at 8.

[117] *Id.*

[118] Rec. Doc. 10 at 9.

[119] *Id.*

but simply one method of proving [] discrimination."[120] Moreover, a "pattern-or-practice method of proving discrimination is unavailable in a private, non-class action, such that [the plaintiff's] failure to bring this case as a class action or seek certification would also defeat his claim."[121] Plaintiff stipulates that he is not bringing a separate pattern or practice claim. Moreover, a pattern or practice method of proving discrimination is unavailable here because this is a private, non-class action suit. Accordingly, because Plaintiff stipulates that he is not bringing a separate pattern or practice claim, the Court denies Defendants' motion as moot as to Plaintiff's pattern or practice claim.

### 4.    Request for Leave to Amend

In the last sentence of his opposition, Plaintiff requests leave to amend his complaint rather than granting the motion to dismiss.[122] Dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[123] Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[124] "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

---

[120] *Rogers v. Pearland Ind. School Dist.*, 827 F.3d 403, 407–08 (5th Cir. 2016) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001)).

[121] *Id.* at 408 (citing *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003)).

[122] Rec. Doc. 10 at 13.

[123] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[124] See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[125]

Here, although Plaintiff specifically requested leave to amend his complaint, he failed to explain how amendment could cure the deficiencies raised by Defendants. Nevertheless, the Court, in its discretion, will grant Plaintiff leave to amend his claims against Family Medical and Dr. Duet under the FMLA by April 19, 2017, if Plaintiff can show that amendment will address the issues identified by the Court. If Plaintiff is unable to do so by the Court's deadline, the Court will dismiss these claims. However, the Court will not allow Plaintiff to amend his complaint regarding any pattern or practice claims or claims against Defendants Family Medical and Dr. Duet pursuant to the ADA as Plaintiff has already stated that he is not bringing any such claims. Furthermore, the Court will not allow any amendment regarding a request for punitive damages pursuant to the FMLA or Louisiana state law as amendment would be futile.

## IV. Conclusion

For the foregoing reasons, the Court denies the motion to dismiss as moot with regard to Plaintiff's ADA claims against Defendants Family Medical and Dr. Duet and Plaintiff's pattern and practice claims. The Court also concludes that Plaintiff has failed to state a claim pursuant to the FMLA against Family Medical and Dr. Duet. Therefore, the Court is inclined to grant the motion to dismiss as to these claims. However, the Court will deny the motion without prejudice as to these claims and allow Plaintiff until April 19, 2017, to amend his complaint to cure the deficiencies noted, if possible. Finally, the Court grants the motion to dismiss Plaintiffs' request for punitive damages pursuant to the FMLA and Louisiana state law, if Plaintiff is in fact pursuing

---

[125] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

such damages, and will not grant Plaintiff leave to amend this request, as amendment would be futile. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Rule 12(b)(6) Partial Motion to Dismiss"[126] is **DENIED AS MOOT IN PART** and **DENIED WITHOUT PREJUDICE IN PART** and **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the motion is granted as to Plaintiff's request for punitive damages, if Plaintiff is in fact pursuing such damages, pursuant to the FMLA and Louisiana state law.

**IT IS FURTHER ORDERED** that the motion is denied as moot as to Plaintiff's claims against Defendants Family Medical and Dr. Duet pursuant to the ADA and Plaintiff's pattern or practice claims.

**IT IS FURTHER ORDERED** that the motion is denied without prejudice as to Plaintiff's claims against Family Medical and Duet pursuant to the FMLA.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint by April 19, 2017. If Plaintiff is unable to cure the deficiencies in the complaint by that time, upon motion by a party, the Court will dismiss Plaintiff's claims pursuant to the FMLA against Family Medical and Dr. Duet.

**NEW ORLEANS, LOUISIANA,** this ___23rd___ day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[126] Rec. Doc. 9.